UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLA WILSON,<br><br>     Plaintiff,<br><br> v.<br><br>BENEFICIAL MORTGAGE CO., HSBC,<br><br>     Defendant. | CIVIL ACTION NO. 3:16-CV-00217<br><br>(MARIANI, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

Plaintiff Carla Wilson, proceeding *pro se*, initiated the above-captioned action in the Court of Common Pleas of Monroe County, Pennsylvania by the filing of a praecipe for writ of summons on January 14, 2016, followed by a complaint on January 15, 2016. (Doc. 1-2, at 3-22). In her complaint, Wilson seeks rescission of her loan and money damages against Defendant Beneficial Consumer Discount Co. d/b/a Beneficial Mortgage Co. of Pennsylvania ("Beneficial"), for alleged violations of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*., the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), Pub. L. No. 111–203, § 1416(b), 124 Stat. 1376 (codified at 15 U.S.C. § 1640(e)), the Due Process Clause of the Fourteenth Amendment, the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. § 201-1 *et seq*., the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Cons. Stat. § 2270.1 *et seq*., as well as common law claims for breach of contract and breach of the implied covenant of good faith and fair dealing. (Doc. 1-2, at 5). After receiving service of the complaint on January 19, 2016, Beneficial removed the case to federal court on February 8, 2016 on the basis of federal question jurisdiction. (Doc. 1). Four days later, Wilson filed a motion to remand the

action back to the Court of Common Pleas of Monroe County (Doc. 4), which the District Court denied on September 6, 2016 (Doc. 19). While Wilson's motion to remand was pending, Beneficial filed the instant motion to dismiss Wilson's complaint on March 16, 2016. (Doc. 11). For the reasons provided herein, it is recommended that Beneficial's motion to dismiss be granted in part.

I. **BACKGROUND**

This action concerns a July 18, 2007 mortgage refinancing executed between Wilson and Beneficial in relation to real property located at 2512 Forest Drive East in Pocono Lake, Pennsylvania. (Doc. 1-2, at 5; Doc. 12-2, at 21-31). The mortgage terms called for the $176,737.71 loan principal to be repaid over a thirty-year period. (Doc. 12-2, at 17, 22). Wilson states that her initial monthly payment was $1,748.88 at a contract interest rate of 11.49%, with the interest rate gradually dropping to 8.49% over the first ten years of the loan if Wilson made timely payments. (Doc. 12-2, at 17-18; Doc. 15, at 6-7). Furthermore, Wilson alleges that Beneficial excluded taxes and homeowners' insurance from the mortgage amortization schedule in order to make the repayment amounts appear more reasonable in light of Wilson's $46,500 salary. (Doc. 1-2, at 12).

A few years into the mortgage, Wilson apparently began to struggle to make her monthly payments. (Doc. 15, at 6-7). Beneficial then granted Wilson a series of temporary loan modifications in 2009, 2010, and 2012. (Doc. 1-2, at 86-88, 99-101, 116-18). Nonetheless, Wilson contends that these modifications came with large unexplained ancillary fees that actually increased her payments to slightly above what they would have been if she had received all the interest rate reductions contained in the initial mortgage amortization schedule. (Doc. 1-2, at 8-9). As a result, Wilson continued to seek additional modifications and/or rate

restructuring. (Doc. 1-2, at 18, 102-15). However, Wilson has been unable to significantly reduce her monthly payments, in part because Beneficial discontinued the interest rate reductions that she was originally eligible to receive as one of the terms of Wilson's loan modifications. (Doc. 1-2, at 18, 102-15). Wilson contends that Beneficial committed numerous violations of federal and state laws since the execution of the mortgage and through the various modifications in an effort to force her to default on her loan obligations. (Doc. 1-2, at 14-16).

In its motion to dismiss Wilson's complaint, Beneficial contends that Wilson fails to state a claim with respect to each of the various causes of action that she raises. (Doc. 11; Doc. 13, at 9). Beneficial's motion has been fully briefed and is now ripe for adjudication. (Doc. 12; Doc. 13; Doc. 14; Doc. 15).

**II.    RULE 12(b)(6) MOTION TO DISMISS STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although a court must accept the fact allegations in a complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court of the United States held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Additionally, this Court is guided by the Supreme Court's instruction that a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). In addition to the facts pled in Wilson's complaint, this Court may "also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994).

### III. DISCUSSION

#### A. TILA

The gravamen of Wilson's complaint is that Beneficial failed to provide her with certain required disclosures with respect to her mortgage and loan modifications, in violation of TILA.

(Doc. 1-2, at 5-22). "Congress enacted TILA in 1968 to promote the 'informed use of credit.'" *Sherzer v. Homestar Mortgage Servs.*, 707 F.3d 255, 255 (3d Cir. 2013) (quoting 15 U.S.C. § 1601(a)). "To achieve this goal, TILA sought 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.'" *Sherzer*, 707 F.3d at 255-56 (quoting 15 U.S.C. § 1601(a)). "[C]reditors who make loans secured by a borrower's principal dwelling are required to provide all borrowers with 'material disclosures,' including 'the annual percentage rate, the finance charge, the amount financed, the total payments, [and] the payment schedule.'" *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 304 (3d Cir. 2005) (alteration in original) (quoting 12 C.F.R. § 226.23). A debtor may sue a creditor for damages for violations of TILA, including the failure to make required material disclosures. 15 U.S.C. § 1640(a). Furthermore, "when a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the borrower may rescind the loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411 (1998) (citing 15 U.S.C. § 1635). Here, Wilson seeks both money damages and recession of her mortgage pursuant to TILA. (Doc. 1-2, at 21).

      Beneficial contends that Wilson's TILA claims are barred by the statute of limitations or otherwise fail to state a claim. (Doc. 13, at 14-15). As noted by Beneficial, a statute of limitations defense is appropriately raised in a motion to dismiss where a claim's untimeliness is apparent on the face of the complaint. (Doc. 13, at 14-15 n.2); *see also Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). Because TILA provides different limitations periods for damages and rescission remedies, the Court will consider each remedy separately.

1. **Damages**

Beneficial asserts that to the extent Wilson seeks monetary damages under TILA for the failure to provide appropriate disclosures, her claim is barred by the statute of limitations. (Doc. 13, at 14). Most claims for damages under TILA are subject to a one-year limitations period. *See* 15 U.S.C. § 1640(e) ("Except as provided in the subsequent sentence, any action under this section may be brought in any United States district court . . . within one year from the date of the occurrence of the violation . . . ."). A limited exception provides a three-year statute of limitations for certain TILA claims. *See* 15 U.S.C. § 1640(e) ("Any action under this section with respect to any violation of section 1639, 1639b, or 1639c of this title may be brought in any United States district court . . . before the end of the 3-year period beginning on the date of the occurrence of the violation."). The limitations period "begins to run on the date that a contract . . . is executed." *Bartholomew v. Northampton Nat. Bank of Easton, Pa.*, 584 F.2d 1288, 1296 (3d Cir. 1978). Here, Wilson's claim for monetary damages is barred under either of TILA's limitations periods, as this action was not commenced until January 14, 2016, approximately eight-and-a-half years after Wilson and Beneficial executed the note and mortgage on or about July 18, 2007. (Doc. 1-2, at 3, 5; Doc. 12-2, at 21-31).

Despite her untimeliness, Wilson nonetheless contends that her claim for damages under TILA should be considered under the "continuing violation doctrine," because she received loan modifications from Beneficial in 2009, 2010, and 2012 that also allegedly violated TILA.[1]

---

[1] For instance, Wilson alleges that the "ancillary fees" charged while she was granted temporary loan modifications are impermissible "modification fees" under 15 U.S.C. § 1639(s). (Doc. 15, at 9-12).

(Doc. 12, at 5-6). Even if TILA requirements apply to loan modifications, as Wilson contends, her damages claim under TILA still would be untimely because Wilson brought the instant lawsuit over three years after her most recent loan modification was granted in the summer of 2012. (Doc. 1-2, at 99-101). Moreover, although the United States Court of Appeals for the Third Circuit has held that "the statute of limitations contained in § 1640(e) is not jurisdictional and is therefore subject to equitable tolling," Wilson does not allege any basis as to why equitable tolling would be appropriate here. *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 505 (3d Cir. 1998). "[E]quitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). As a general prerequisite, however, a party "must show that it exercised reasonable diligence in investigating and bringing its claims" in order to benefit from equitable tolling. *New Castle Cty. v. Halliburton NUS Corp.*, 111 F.3d 1116, 1126 (3d Cir. 1997). Here, it is clear that Wilson did not exercise reasonable diligence. The alleged deficiencies with Beneficial's loan modifications, including the ancillary fees, were readily discoverable to Wilson when she received her new account statements after the modifications occurred in 2009, 2010, and 2012, yet she neglected to bring the instant lawsuit until 2016. *See, e.g.*, (Doc. 12-1, at 18-19 (account statement from Beneficial dated June 6, 2009 denoting three "advance repayment" charges that totaled the amount of the "ancillary fee" Wilson was assessed)).

      Accordingly, it is respectfully recommended that that Wilson's damages claim under TILA be dismissed with prejudice as barred by the statute of limitations.

2. **Rescission**

In addition to seeking damages, Wilson also wishes to rescind her mortgage pursuant to 15 U.S.C. § 1635. (Doc. 1-2, at 21). "An obligor's right to rescind a loan pursuant to TILA 'expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first.'" *Sherzer v. Homestar Mortgage Servs.*, 707 F.3d 255, 267 (3d Cir. 2013) (alteration in original) (quoting 15 U.S.C. § 1635(f)); *see also Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) ("[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period."). In order to exercise the right of recession, "an obligor must send valid written notice of rescission before the three years expire."[2] *Sherzer*, 707 F.3d at 267.

Beneficial argues that Wilson's claim based on her purported right of rescission fails because she did not send her notice of rescission within the three-year period for doing so under TILA. (Doc. 13, at 15). "A loan is consummated for purposes of TILA when the loan is closed, with the execution of a note and mortgage, and a disbursement of loan proceeds." *In re Velardi*, 547 B.R. 147, 155 (Bankr. M.D. Pa. 2016). In this case, Wilson's loan was consummated when her mortgage was executed on July 18, 2007. (Doc. 1-2, at 5; Doc. 12-2, at 21-31). Thus, Wilson had until July of 2010 to send a written notice of rescission under 15 U.S.C. § 1635(f). *See Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) (noting that TILA's right of rescission completely expires three years from the date of consummation, "[e]ven if a lender

---

[2] An obligor who submits a timely written notice of rescission need not also initiate a lawsuit within that same three-year period. *See Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) ("[S]o long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years.").

*never* makes the required disclosures"). Here, Wilson does not allege any facts remotely suggesting that she sent notice of rescission to Beneficial within the requisite three-year period. Indeed, despite the many pages of correspondence with Beneficial that Wilson attached to her pleadings, Wilson appears to seek rescission for the first time with the filing of the instant complaint. Given that the three-year period for seeking rescission has long passed, Wilson is time-barred from rescinding her loan under TILA.[3] *See Taylor v. Wells Fargo Bank, N.A.*, 85 F.

---

[3] Moreover, even in the event that Wilson had submitted a notice of rescission within the required three-year period, her claim to enforce the rescission in the instant lawsuit remains untimely. "[I]f the borrower exercises her right of rescission during this [three–year] period, the creditor's denial of rescission or its failure to properly respond to the rescission within 20 days after receipt of notice gives rise to a potential violation under TILA and commences the running of TILA's one year statute of limitations." *Johnson v. Long Beach Mortg. Loan Trust 2001-4*, 451 F. Supp. 2d 16, 40 (D.D.C. 2006) (citing 15 U.S.C. § 1635(b) (requiring creditor "[w]ithin 20 days after receipt of a notice of rescission [to] return to the obligor any money or property given as earnest money, downpayment or otherwise, and [to] take any action necessary or appropriate to reflect the termination of any security interest created under the transaction")); *see also In re McNinch*, 250 B.R. 848, 852 (Bankr. W.D. Pa. 2000) (holding that one-year statute of limitations applies to rescission violations, which begins to run once the creditor fails to rescind the transaction within twenty days after receiving notice of rescission), *aff'd sub nom., McNinch v. Harris Trust Sav. Bank*, 281 F.3d 222 (3d Cir. 2001) (table). Assuming, *arguendo*, that Wilson filed a timely notice of rescission, Beneficial would then be in violation of 15 U.S.C. § 1635(b) for failing to return any money to Wilson within twenty days of receipt of the notice. However, even under these hypothetical circumstances, Wilson failed to timely bring suit to vindicate her right of rescission under TILA in the wake of Beneficial's deficient response to her notice of rescission. *See Sherzer v. Homestar Mortg. Servs.*, 707 F.3d 255, 265 (3d Cir. 2013) ("An obligor who has sent a written notice of rescission to his lender but received no response will not be able to wait indefinitely before filing a lawsuit to enforce the rescission, recover his property, and obtain the release of the security interest because statutes of limitation will constrain his ability to file suit."). As noted above, Wilson's loan was consummated when her mortgage was executed on July 18, 2007, and thus the three-year period for submitting notice of rescission expired on July 18, 2010. (Doc. 1-2, at 5; Doc. 12-2, at 21-31); 15 U.S.C. § 1635(f). Even if Wilson submitted a valid notice of rescission on the last possible day to do so, Beneficial was required to respond to the notice within twenty days, or by August 7, 2010 at the very latest. *See* 15 U.S.C. § 1635(b). Thus, the one-year limitations period for Wilson to bring her TILA

*(footnote continued on the next page)*

Supp. 3d 63, 76–77 (D.D.C. 2015) (granting motion to dismiss TILA rescission claim with prejudice where plaintiff failed to allege any facts that could establish that he sent a timely notice of rescission and the three-year period had already run); *see also Saldate v. Wilshire Credit Corp.*, 268 F.R.D. 87, 98 (E.D. Cal. 2010) ("The absence of a sufficiently alleged notice of rescission . . . dooms a TILA rescission claim to warrant its dismissal."). It is therefore recommended that Wilson's claim for rescission under TILA be dismissed with prejudice.

B. DODD-FRANK

Wilson also alleges that Beneficial violated several provisions of Dodd-Frank, which amended Regulation Z, TILA's implementing regulation. (Doc. 1-2, at 5, 12-15); *see also* Pub. L. No. 111–203, § 1416(b), 124 Stat. 1376 (codified at 15 U.S.C. § 1640(e)). As noted by Beneficial, however, Wilson's mere invocation of Dodd-Frank falls far short of stating a claim. (Doc. 13, at 11). As a preliminary matter, Dodd-Frank was not enacted until July 21, 2010, and therefore did not come into effect until over three years after Wilson executed her mortgage on July 18, 2007. (Doc. 1-2, at 5; Doc. 12-2, at 21-31); Pub. L. No. 111–203, § 1416(b), 124 Stat. 1376. Furthermore, Wilson does not assert that the relevant Dodd-Frank provisions created a new private right of action, as opposed to merely amending TILA. Indeed, "with narrow exceptions that are not pertinent here, the Dodd–Frank Act does not provide for a private right of action by borrowers against lending institutions." *Angino v. Wells Fargo Bank, N.A.*, No. 1:15-CV-418, 2016 WL 787652, at *9 (M.D. Pa. Feb. 19, 2016) (citing *Regnante v. Sec. & Exch.*

rescission claim began to run on or before August 7, 2010 and expired no later than August 7, 2011, over four years before Wilson brought the instant action. *See* 15 U.S.C. § 1640(e).

*Officials*, No. 14 CIV. 4880 KPF, 2015 WL 5692174, at *7 (S.D.N.Y. Sept. 28, 2015); *Diena v. Certified Credit & Collection Bureau, Inc.*, No. 14 Civ. 769(AET), 2015 WL 570247, at *2 (D.N.J. Feb. 11, 2015) ("Plaintiff offers no statutory basis for the existence of a private right of action under the Dodd–Frank Act [.]"); *Levine v. Entrust Grp., Inc.*, No. 12 Civ. 3959(WHA), 2013 WL 1320498, at *7 (N.D.Cal. Apr. 1, 2013) ("Under the Dodd–Frank Act, the Court's research can find no private right of action.")), *report and recommendation adopted*, No. 1:15-CV-418, 2016 WL 759161 (M.D. Pa. Feb. 26, 2016), *aff'd*, No. 16-1596, 2016 WL 7118448 (3d Cir. Dec. 7, 2016); *see also Zuniga v. Am. Home Mortg.*, No. 14-CV-2973 (KM), 2016 WL 6647932, at *6 (D.N.J. Nov. 8, 2016) (dismissing claim under Title XIV of Dodd-Frank for lack of a private right of action). Accordingly, it is respectfully recommended that Wilson's complaint be dismissed with prejudice for failure to state a claim to the extent that she attempts to assert a freestanding claim for Beneficial's alleged violation of certain provisions of Dodd-Frank.

    C.  FOURTEENTH AMENDMENT CLAIM

    Wilson further alleges that Beneficial "continuously violated" her rights to procedural and substantive due process under the Fourteenth Amendment. (Doc. 1-2, at 15). "However, such claims are impermissible because [42 U.S.C.] § 1983 provides an adequate, alternative remedial scheme for plaintiff's alleged constitutional violations." *Smith v. Sch. Dist. of Phila.*, 112 F. Supp. 2d 417, 430 (E.D. Pa. 2000). To establish a claim under § 1983, a person must prove that someone deprived him of a constitutional right while acting under the color of state law. *Kneipp v. Tedder,* 95 F.3d 1199, 1204 (3d Cir.1996). The

"under color of state law" element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful."[4] *Blum v. Yaretsky,* 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982). Here, it is beyond cavil that Beneficial is a private entity, not an arm of the state.

In her brief in opposition to the motion to dismiss, Wilson argues that Beneficial is a state actor by virtue of its extensive regulation by federal and state government agencies. (Doc. 12, at 9, 11-12). However, this same argument has been consistently rejected by courts within the Third Circuit. *See, e.g.*, *Bailey v. Harleysville Nat'l Bank & Trust,* 188 F. App'x 66, 68 (3d Cir. 2006) (not precedential) ("The Bank is not a state actor by virtue of its regulation by the government and participation in the federal reserve system and Federal Deposit Insurance Corporation."); *Rannels v. Meridian Bancorp, Inc.,* 718 F. Supp. 10, 13 (E.D. Pa. 1989) ("[C]ourts have uniformly held that conduct by banks is not state action."), *aff'd sub nom.*, *Rannels v. Meridan Bancorp Inc.*, 893 F.2d 1331 (3d Cir. 1989) (table). *See generally Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974) ("The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment."). Accordingly, it is respectfully recommended that Wilson's Fourteenth Amendment claim be dismissed with prejudice for failure to state a claim because Beneficial is not a state actor.

---

[4] State action would also be required even if Wilson *could* bring a claim directly under the Fourteenth Amendment. *See Shelley v. Kraemer,* 334 U.S. 1, 13 (1948) ("Th[e Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful.").

D. WILSON'S REMAINING CLAIMS SHOULD BE REMANDED TO STATE COURT

Having determined that Wilson's claims under TILA, Dodd-Frank, and the Fourteenth Amendment all fail to state a claim, the only remaining claims before the Court arise under either state or common law. Beneficial initially removed this case to federal court on February 8, 2016 on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 1). However, in the event that the above portions of this Report and Recommendation are adopted, all federal law claims in Wilson's complaint would be dismissed with prejudice. Where a district court has dismissed all claims over which it had subject matter jurisdiction, the Court must remand the case to the state court from which it was removed. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). "The language of this section is mandatory—once the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court." *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997). Because Beneficial did not raise diversity as a basis for federal court jurisdiction in its notice of removal, this Court lacks independent subject matter jurisdiction over Wilson's remaining state law claims and thus does not address them. *See State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 240 (D.N.J. 2002) (remanding case and rejecting diversity jurisdiction as a new basis for removal as untimely because the thirty-day removal period had expired); *see also* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3733 (4th ed. 2016) ("Defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proferred basis of removal, and the court will not, on its own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied upon." (footnote omitted)). *See generally Steel Valley Auth. v. Union*

*Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) ("It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." (footnote omitted)). Accordingly, because it is recommended that Wilson's federal law claims be dismissed in their entirety, it is further recommended that Wilson's remaining state law claims be remanded to the Court of Common Pleas of Monroe County.

**IV.    RECOMMENDATION**

Based on the foregoing, it is recommended that:

1. Defendant Beneficial's motion to dismiss (Doc. 11) be **GRANTED IN PART**;

2. Plaintiff Carla Wilson's complaint (Doc. 1-2, at 3-22) be **DISMISSED WITH PREJUDICE** with respect to all federal law claims pursuant to Fed. R. Civ. P. 12(b)(6);

3. All remaining claims be **REMANDED** to the Court of Common Pleas of Monroe County pursuant to 28 U.S.C. § 1447(c); and

4. The Clerk of Court be directed to **CLOSE** this case.

BY THE COURT:

Dated: January 18, 2017

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLA WILSON,<br><br>           Plaintiff,<br><br>v.<br><br>BENEFICIAL MORTGAGE CO., HSBC,<br><br>           Defendant. | CIVIL ACTION NO. 3:16-CV-00217<br><br>(MARIANI, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 18, 2017**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: January 18, 2017                                                     *s/ Karoline Mehalchick*
                                                                                           **KAROLINE MEHALCHICK**
                                                                                           **United States Magistrate Judge**